**Wells Fargo Bank, N.A. v Huamani**

2024 NY Slip Op 33677(U)

October 9, 2024

Supreme Court, Kings County

Docket Number: Index No. 61/2008

Judge: Derefim B. Neckles

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-2 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, 11201 on the 9th day of October, 2024.

P R E S E N T :

HON. DEREFIM B. NECKLES,

         Acting Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE MLM1 TRUST SERIES 2006-WMC1,

        Plaintiff,

    - against -         Index No. 61/2008

MARIA B. HUAMANI, LIZ M. ISLAS, JORGE ISLAS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE AND MORTGAGE OF RECORD, WMC MORTGAGE CORP., JOSE VARGAS, ET AL,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

The following e-filed papers read herein:   NYSCEF Doc Nos.

Notice of Motion/Affidavits (Affirmations) Annexed  84-87
Opposition Affirmation to Motion      89, 90
Reply Affirmation to Opposition      91

Upon the foregoing papers in this proceeding to foreclose a mortgage encumbering the property at 369 92nd Street, Brooklyn, NY, plaintiff moves (under mot. seq. 9) for an order pursuant to CPLR 2221(d) granting leave to reargue the prior motions sequences 7 and 8, which resulted in an order denying the prior motions based on the death of Jorge Islas, and upon reargument, deciding the prior motions on the arguments within.

[* 1]

1 of 4

## *Background*

Plaintiff commenced this action on January 2, 2008, seeking to foreclose a mortgage encumbering the subject property, securing a note for $500,000.00. Plaintiff was granted an order of reference on December 21, 2011, and later a judgment of foreclosure and sale on February 21, 2017. On March 23, 2021, defendant Jorge Islas passed away. On October 6, 2022, plaintiff moved to amend the judgment and extend the time to conduct the sale, which was granted by orders dated December 13, 2022 and February 22, 2023 ("2022 orders"). Thereafter, defendant moved (under mot. seq. 7) to vacate the December 21, 2011 order of reference and the February 21, 2017 judgment of foreclosure and sale, and to dismiss the action. Before motion sequence 7 was heard, defendant moved by order to show cause to vacate the 2022 orders, and to temporarily enjoin the plaintiffs from taking any action to sell the subject property. By order dated February 29, 2024, this court ordered that defendant's motions were denied with leave to renew after a proper representative is substituted for the deceased defendant and staying the instant action.

Plaintiff now moves to reargue the February 29, 2024 decision, contending this court misinterpreted caselaw regarding the death of a party.

## *Discussion*

Pursuant to CPLR §2221(d)(2), a motion for leave to reargue shall be based on matters of fact or law allegedly overlooked or misapprehended by the Court in determining the prior motion.

2

The death of a party after entry of judgment of foreclosure and sale does not require the substitution of heirs. *Wing v. Rionda*, 125 N.Y. 678 (N.Y. 1890). Furthermore, defendants Jorge Isla and Liz Isla, held title jointly, as tenants by the entirety. Where a party's demise does not affect the merits of a case, there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution. *DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd.*, 51 AD3d 857, 858 (2nd 2008). Further, existing joint tenants with right of survivorship automatically convey the property upon death to the surviving party. *Winter v Kram*, 159 NYS2d 417 (2d Dept 1957).

Here, plaintiff submits that the court misapprehended the case law regarding deceased parties and the effect on a foreclosure action. Since defendant Jorge Isla died post-judgment, a substitution of heirs is not required. Even if his death was pre-judgment, substitution would not be required since his interest in the property passed to his wife Liz. Furthermore, plaintiff is not seeking a deficiency judgment against decedent because he is not the borrower in this action.

Accordingly, it is

**ORDERED** that plaintiff's motion to reargue is granted and upon reargument, the order dated February 29, 2024 is vacated. Defendant's prior motions (mot. seq. 7 & 8) are denied in its entirety and there is no stay imposed on the instant action.

3

[* 3]

This constitutes the decision and order of the court.

E N T E R,

HON. DEREFIM B. NECKLES
A. J. S. C.

HON. DEREFIM B. NECKLES
A.J.S.C.

KINGS COUNTY CLERK
FILED
2024 OCT 11 A 10:06

4

[* 4]